**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **VIRGINIA DEPARTMENT OF HEALTH,**<br>an agency of the Commonwealth<br>of Virginia,<br><br>*Plaintiff,*<br><br>v.<br><br>**VIRGINIAWIC.COM,**<br>an Internet domain name,<br><br>*Defendant.* | ) | **Civil Action No.** |

**VERIFIED COMPLAINT FOR *IN REM* RELIEF**

Plaintiff Virginia Department of Health ("VDH" or "Plaintiff"), by counsel, brings this Verified Complaint *in rem* against the defendant Internet domain name virginiawic.com (the "Infringing Domain Name"), and in support thereof alleges as follows:

**NATURE OF THE ACTION**

1. This is an *in rem* civil action under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), seeking the transfer to VDH of the Infringing Domain Name, which was registered and is being used in bad faith by an unidentified registrant to profit from VDH's distinctive VIRGINIA WIC mark.

2. VDH is the agency of the Commonwealth of Virginia that administers the Special Supplemental Nutrition Program for Women, Infants, and Children ("WIC") in Virginia. VDH has long used the name and mark VIRGINIA WIC, and continues to use it today on its official website, to identify its WIC program and the public health services it delivers to low-income pregnant and postpartum women, infants, and young children throughout the Commonwealth. From February

2018 until early 2026, VDH owned the Infringing Domain Name and used it to direct the public to VDH's official WIC resources at https://www.vdh.virginia.gov/wic/.

3. In early 2026, following the departure of the VDH employee who administered the registration, VDH's registration of the Infringing Domain Name inadvertently lapsed. On June 2, 2026, an unknown third party, concealing its identity behind a commercial privacy service, registered the Infringing Domain Name for itself. That registrant (the "Registrant") now uses the Infringing Domain Name to redirect Internet users who are seeking information about Virginia's WIC program, among them expectant and new mothers and the caregivers of infants, to sexually explicit, commercial adult websites. Upon information and belief, it is compensated for the traffic it diverts.

4. The Registrant has no trademark or other intellectual property rights in the VIRGINIA WIC mark or the Infringing Domain Name, has never been known by that name, and has never made any bona fide or noncommercial use of it. The Infringing Domain Name is identical to VDH's VIRGINIA WIC mark. The Registrant's conduct is precisely the kind of bad-faith exploitation of a distinctive mark that the ACPA was enacted to remedy, and it is inflicting ongoing and irreparable harm on VDH, on the Virginia families the WIC program serves, and on the public.

## THE PARTIES

5. Plaintiff Virginia Department of Health is an agency of the Commonwealth of Virginia established under Title 32.1 of the Code of Virginia, with its principal office at 109 Governor Street, Richmond, Virginia 23219. VDH is the state agency designated to administer the WIC program in Virginia under Section 17 of the Child Nutrition Act of 1966, 42 U.S.C. § 1786, and its implementing regulations, 7 C.F.R. Part 246.

6. Defendant VIRGINIAWIC.COM is an Internet domain name. According to the records of the .com registry operated by Verisign, Inc. ("Verisign") and of the sponsoring registrar, as retrieved through ICANN's Registration Data Lookup Tool on September 14, 2026, the Infringing Domain Name was created on June 2, 2026, is scheduled to expire on June 2, 2027, and bears the status "clientTransferProhibited." A true and correct copy of the registration record for the Infringing Domain Name is attached as **Exhibit A**.

7. The sponsoring registrar for the Infringing Domain Name is Spaceship, Inc. ("Spaceship"), IANA Registrar ID 3862, with a business address of 4600 E. Washington Street, Suite 300, Phoenix, Arizona 85034, and its designated abuse contact is abuse@spaceship.com. *See* **Exhibit A**.

8. The identity of the Registrant is concealed. The publicly available registration records identify both the registrant and the technical contact for the Infringing Domain Name only as "Privacy service provided by WITHHELD FOR PRIVACY LLC," with a mailing address of 16192 Coastal Highway, Lewes, Delaware 19958, and a telephone number of +1.302.206.1391, together with an anonymized customer handle; the registrant's name is redacted. *See* **Exhibit A**. No natural person or business entity is identified anywhere in the public registration record as the registrant or technical contact for the Infringing Domain Name. The only party identified is the privacy service.

## JURISDICTION AND VENUE

9. This action arises under the Trademark Act of 1946, as amended (the "Lanham Act"), including Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

10. This Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has *in rem* jurisdiction over the Infringing Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) because (a) the Infringing Domain Name violates VDH's rights in the VIRGINIA WIC mark, a mark protected under 15 U.S.C. § 1125(a), (b) the domain name registry for the Infringing Domain Name, Verisign, is located in this judicial district at 12061 Bluemont Way, Reston, Virginia 20190, and (c) as set forth below, VDH is not able to obtain *in personam* jurisdiction over the person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1), or, alternatively, through due diligence has not been able to find such a person.

12. VDH is not able to obtain *in personam* jurisdiction over the Registrant. The Registrant has concealed its identity, location, and contact information behind a commercial privacy service, and the only postal address associated with the registration is a Delaware mail-drop address that the privacy service itself designates as a "mailing address only." Upon information and belief, the Registrant is located outside the United States or otherwise lacks contacts with this forum sufficient to support the exercise of personal jurisdiction.

13. In the alternative, VDH has exercised due diligence to identify and locate the Registrant and has been unable to do so. Among other things, VDH has (a) queried the Registration Data Access Protocol ("RDAP") and WHOIS services of both Verisign and Spaceship, including through ICANN's Registration Data Lookup Tool on September 14, 2026, (b) reviewed historical registration records for the Infringing Domain Name, (c) examined the content and source code of the website to which the Infringing Domain Name resolves, (d) on September 1, 2026, submitted a formal abuse complaint to Spaceship, which has not resulted in the disclosure of the Registrant's identity, and (e) beginning on May 22, 2026, and continuing through July 2026, sought to recover VDH's former GoDaddy account for the domain name through GoDaddy's account-recovery process, including by submitting supporting documentation on multiple occasions, none of which

yielded any information identifying the Registrant. Spaceship's published policies state that it will not disclose registrant identity or intercede with respect to a registration absent legal process or an order issued in a judicial or administrative proceeding. None of these efforts has revealed the name or location of the Registrant.

14. On September 16, 2026, VDH sent notice of the alleged violation and of its intent to proceed under 15 U.S.C. § 1125(d)(2) to the Registrant at the postal and e-mail addresses provided by the Registrant to the registrar, as required by 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa). A true and correct copy of that notice is attached as **Exhibit B**. VDH will publish notice of this action as the Court may direct pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb).

15. Pursuant to 15 U.S.C. § 1125(d)(2)(C), the *situs* of the Infringing Domain Name is in this judicial district because the domain name registry that registered and maintains the Infringing Domain Name, Verisign, is located in this district.

16. Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(A) and (C) and 28 U.S.C. § 1391(b), because the registry for the Infringing Domain Name is located in Reston, Virginia, within this district and division.

## FACTUAL BACKGROUND

### A. The WIC Program and VDH's VIRGINIA WIC Mark

17. WIC is a federally funded public health nutrition program established by Congress in 1972 and administered nationally by the Food and Nutrition Administration (formerly the Food and Nutrition Service) of the United States Department of Agriculture. WIC provides supplemental nutritious foods, nutrition education, breastfeeding support, and referrals to health care and social services to low-income pregnant, breastfeeding, and postpartum women, and to infants and children under the age of five who are at nutritional risk. The WIC program began operating in

1974 and has a reputation as one of the most successful federally funded nutrition programs in the United States.

18. VDH administers WIC in the Commonwealth of Virginia. VDH describes the Virginia WIC Program on its official website as providing nutritious foods to qualifying pregnant women, new mothers, infants, and children up to age five, nutrition education with personalized assessments, counseling, and support; breastfeeding promotion and support, and referrals to additional social services and health care resources. Through its Office of Family Health Services and Virginia's local health districts, VDH operates WIC clinics across the Commonwealth, certifies participants, issues WIC food benefits, authorizes and monitors the retail grocers and pharmacies that accept those benefits, and provides nutrition and breastfeeding services. VDH's WIC program serves approximately 98,234 participants each month through approximately 145 local clinic sites and 801 authorized retail vendors.

19. Since at least 2016, VDH has continuously used the name and mark VIRGINIA WIC (the "VIRGINIA WIC Mark") to identify its WIC program and the services it provides. VDH has used the VIRGINIA WIC Mark, among other places, on clinic signage; on participant handbooks, brochures, shopping guides, and approved-food lists; on materials furnished to authorized vendors; on WIC benefit cards and related cardholder materials; in outreach, recruitment, and public-service advertising; on VDH's social media accounts; and on VDH's official WIC website at https://www.vdh.virginia.gov/wic/. Representative examples of VDH's use of the VIRGINIA WIC Mark are attached as **Exhibit C**.

20. On or about February 1, 2018, VDH registered the domain name virginiawic.com through the registrar GoDaddy.com, LLC ("GoDaddy"). Historical registration records publicly identified the Virginia Department of Health as the registrant of the domain name. A true and

correct copy of a historical registration record for virginiawic.com reflecting VDH's ownership is attached as **Exhibit D**.

21. From at least August 2018 until early 2026, VDH continuously used virginiawic.com as a public-facing Internet address for its WIC program. The domain name resolved to, and redirected Internet users to, VDH's official WIC website at https://www.vdh.virginia.gov/wic/, where members of the public could learn about program eligibility, apply for benefits, locate WIC clinics and authorized vendors, and access nutrition and breastfeeding resources. Archived captures of virginiawic.com reflecting its redirection to VDH's official WIC website are attached as **Exhibit E**.

22. As a result of VDH's long, continuous, and exclusive use of the VIRGINIA WIC Mark in connection with its administration of the WIC program, the VIRGINIA WIC Mark had acquired distinctiveness and secondary meaning long before June 2, 2026, the date on which the Registrant registered the Infringing Domain Name, and it remains distinctive today. WIC participants and applicants, authorized vendors, health care providers, community organizations, and the public in Virginia recognize the VIRGINIA WIC Mark as identifying a single source, VDH, and its WIC program and services.

23. The VIRGINIA WIC Mark is protected under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Because the WIC program depends on the trust and confidence of a medically and economically vulnerable population, the goodwill symbolized by the VIRGINIA WIC Mark is of substantial value to VDH and to the Commonwealth of Virginia.

**B. The Inadvertent Lapse of VDH's Registration**

24. VDH's registration of virginiawic.com was scheduled to expire on February 1, 2026. Due to an administrative oversight during a personnel transition, the registration was not

renewed. By mid-February 2026, the domain name no longer directed visitors to VDH's WIC website. VDH's expired registration was subsequently deleted from the .com registry, and on June 2, 2026, the Registrant registered virginiawic.com as a new registration, as described below.

25. Beginning on May 22, 2026, and continuing through August 2026, VDH attempted to regain control of its former GoDaddy account and the domain name, including by submitting identification materials requested by GoDaddy under GoDaddy Case No. 01517446. Those efforts were unsuccessful. On September 1, 2026, GoDaddy confirmed to VDH that the domain name was no longer registered through GoDaddy and was then registered through Spaceship.

26. At no time has VDH abandoned or ceased using the VIRGINIA WIC Mark in connection with its services to the public. Throughout the period described above, VDH has continued to administer the WIC program under the VIRGINIA WIC Mark, to serve nearly 100,000 Virginia participants each month, and to maintain its official WIC website at https://www.vdh.virginia.gov/wic/. The inadvertent lapse of a domain name registration is not an abandonment of the mark that the domain name incorporates.

### C. The Registrant's Bad-Faith Registration and Use of the Infringing Domain Name

27. On June 2, 2026, immediately following the deletion of VDH's expired registration from the .com registry, the Registrant registered the Infringing Domain Name through Spaceship as a new registration. Upon information and belief, the Registrant acquired the Infringing Domain Name through an automated "drop-catch" process designed to capture domain names with pre-existing traffic and goodwill the moment they become available for registration.

28. The Infringing Domain Name consists of the VIRGINIA WIC Mark in its entirety, and differs from the mark only by the addition of the generic top-level domain ".com." The

Infringing Domain Name is identical, or at a minimum confusingly similar, to the VIRGINIA WIC Mark.

29. The Registrant registered the Infringing Domain Name using a commercial privacy service that substitutes the service's own name, mailing address, and telephone number for the Registrant's in the public registration records. The Registrant's true name, address, and contact information do not appear in any public registration record for the Infringing Domain Name. *See* Exhibit A.

30. The Registrant configured the Infringing Domain Name to use nameservers operated by Cloudflare, Inc. (jonah.ns.cloudflare.com and nelci.ns.cloudflare.com). *Id.* Upon information and belief, the Registrant routes traffic to the Infringing Domain Name through Cloudflare's proxy service, which conceals from the public the Internet address of the server hosting the Registrant's website.

31. Upon information and belief, as of on or about September 1, 2026, the Infringing Domain Name resolved to an adult-content landing page that, upon a visitor's confirmation of age, redirected the visitor to a sexually explicit commercial website. Upon information and belief, the redirect employed by the Registrant included affiliate-marketing and campaign-tracking parameters that identified the Infringing Domain Name as the source of the referred traffic.

32. As of September 14, 2026, the Infringing Domain Name redirected visitors to a sexually explicit commercial website. True and correct screen captures of the Infringing Domain Name's redirection to that website, as observed on September 14, 2026, are attached as **Exhibit F**.

33. Upon information and belief, the Registrant receives compensation, whether in the form of affiliate commissions, per-click or per-visitor payments, or other consideration, for each

Internet user it diverts from the Infringing Domain Name to the adult websites described above. The Registrant's use of the Infringing Domain Name is purely commercial.

34. The Registrant's use of the Infringing Domain Name is directed at the very audience VDH serves. Internet users who type virginiawic.com into a web browser, follow the address from VDH materials that remain in circulation, or select the domain name from search results are pregnant women, new mothers, caregivers of infants and young children, WIC vendors, and health care providers seeking information about a public health nutrition program. Rather than reaching VDH's WIC resources, those users are confronted with sexually explicit commercial content.

35. Upon information and belief, the Registrant knew of the VIRGINIA WIC Mark and of VDH's rights in it when it registered the Infringing Domain Name. The term "Virginia WIC" has no meaning other than as the name of VDH's WIC program; the Registrant selected a domain name consisting of the exact name of a Virginia government public health program; and VDH materials and third-party web pages continued to direct the public to virginiawic.com. Upon information and belief, the Registrant targeted the Infringing Domain Name precisely because of the volume of Virginia-based traffic that VDH's years of use of the domain name had generated.

36. The Registrant's conduct is part of a pattern. Upon information and belief, the website to which the Infringing Domain Name redirected visitors in early September 2026 was located at the domain name meangirls.garden. According to public registration records retrieved through ICANN's Registration Data Lookup Tool on September 14, 2026, meangirls.garden was registered through Spaceship on May 19, 2026, fourteen days before the Registrant registered the Infringing Domain Name, uses the same two Cloudflare nameservers, jonah.ns.cloudflare.com and nelci.ns.cloudflare.com, and is registered through the same privacy service, Withheld for Privacy

LLC, using the same Delaware mailing address and the same telephone number that appear in the registration record for the Infringing Domain Name. A true and correct copy of the registration record for meangirls.garden is attached as **Exhibit G**. Upon information and belief, the Registrant has registered, trafficked in, or used multiple domain names that are identical or confusingly similar to marks of others as part of a coordinated affiliate-traffic scheme.

37. The Registrant has no trademark or other intellectual property rights in the VIRGINIA WIC Mark or in the Infringing Domain Name. The Infringing Domain Name does not consist of the legal name of the Registrant or of any name by which the Registrant is or has ever been commonly known. The Registrant has never used the Infringing Domain Name in connection with the bona fide offering of any goods or services, and has never made any bona fide noncommercial or fair use of the VIRGINIA WIC Mark at a website accessible under the Infringing Domain Name.

38. On September 1, 2026, VDH submitted an abuse complaint to Spaceship concerning the Registrant's use of the Infringing Domain Name. Spaceship acknowledged receipt of the complaint the same day under engagement ID SPS-QPF-8106. True and correct copies of the complaint and Spaceship's acknowledgment are attached as **Exhibit H**. Spaceship has not suspended or transferred the Infringing Domain Name, and its published policies state that it will not do so absent an order issued in a judicial or administrative proceeding. The Infringing Domain Name currently bears a "clientTransferProhibited" status at the registry.

39. The Registrant's registration and use of the Infringing Domain Name is likely to cause, and upon information and belief has caused, confusion, mistake, and deception among Internet users as to the source, sponsorship, affiliation, or endorsement of the Registrant's website,

and has diverted users who were seeking VDH's WIC program to the Registrant's adult websites for the Registrant's commercial gain.

40. The Registrant's conduct is causing VDH and the public immediate and irreparable harm for which there is no adequate remedy at law. Every day that the Infringing Domain Name remains under the Registrant's control, additional members of the public seeking WIC services are exposed to sexually explicit content under VDH's own name, the trust on which the WIC program depends is eroded, and eligible Virginia families may be deterred from seeking nutrition assistance and health services to which they are entitled. VDH has no ability to stop this harm other than through the relief requested in this action.

**COUNT I**
**Cybersquatting in Violation of 15 U.S.C. § 1125(d),**

41. VDH repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

42. VDH is the owner of the VIRGINIA WIC Mark and continues to use it in connection with its services to the public. The public in Virginia recognizes the VIRGINIA WIC Mark as identifying VDH as the single source of the WIC program and services offered under that name, and the Mark is therefore protected under 15 U.S.C. § 1125(a).

43. The VIRGINIA WIC Mark had acquired that source-identifying significance many years before June 2, 2026, the date on which the Registrant registered the Infringing Domain Name, and it retains that significance today.

44. The Infringing Domain Name is identical or confusingly similar to the VIRGINIA WIC Mark.

45. The Registrant registered, has trafficked in, and is using the Infringing Domain Name with a bad-faith intent to profit from the VIRGINIA WIC Mark within the meaning of 15

U.S.C. § 1125(d)(1)(A). Each of the factors enumerated in 15 U.S.C. § 1125(d)(1)(B)(i) supports a finding of bad faith, including without limitation that:

(a) the Registrant has no trademark or other intellectual property rights in the Infringing Domain Name;

(b) the Infringing Domain Name does not consist of the legal name of the Registrant or a name that is otherwise commonly used to identify the Registrant;

(c) the Registrant made no prior use of the Infringing Domain Name in connection with the bona fide offering of any goods or services;

(d) the Registrant has made no bona fide noncommercial or fair use of the VIRGINIA WIC Mark in a site accessible under the Infringing Domain Name;

(e) the Registrant has used the Infringing Domain Name to divert consumers from VDH's official WIC website to sexually explicit commercial websites, for commercial gain and with the intent to tarnish and disparage the VIRGINIA WIC Mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Registrant's site;

(f) the Registrant provided false or misleading contact information when registering the Infringing Domain Name by concealing its identity behind a privacy service, and has intentionally failed to maintain accurate contact information;

(g) upon information and belief, the Registrant has registered or acquired multiple domain names that it knows are identical or confusingly similar to

marks of others, as part of a coordinated adult-content affiliate-traffic scheme; and

(h) the VIRGINIA WIC Mark incorporated in the Infringing Domain Name is distinctive and, within the Commonwealth of Virginia, widely recognized as identifying VDH's WIC program.

46. The Registrant's registration, trafficking in, and use of the Infringing Domain Name violates 15 U.S.C. § 1125(d)(1) and violates VDH's rights in the VIRGINIA WIC Mark.

47. VDH is not able to obtain *in personam* jurisdiction over the Registrant, or, alternatively, has been unable through due diligence to find the Registrant, and VDH has complied with the notice requirements of 15 U.S.C. § 1125(d)(2)(A)(ii). This Court accordingly has *in rem* jurisdiction over the Infringing Domain Name, the *situs* of which is in this district.

48. Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), VDH is entitled to an order directing the transfer of the Infringing Domain Name to VDH, and to an order directing the domain name registry and registrar to deposit with the Court documents sufficient to establish the Court's control and authority regarding the disposition of the registration and use of the Infringing Domain Name.

49. The Registrant's conduct has caused and, unless the Infringing Domain Name is transferred to VDH, will continue to cause VDH and the public immediate and irreparable harm for which VDH has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Virginia Department of Health respectfully requests that this Court enter judgment in its favor and against the defendant Infringing Domain Name, and grant the following relief:

(a) a declaration that the registration and use of the Infringing Domain Name violates 15 U.S.C. § 1125(d), and that VDH is entitled to the transfer of the Infringing Domain Name;

(b) an order pursuant to 15 U.S.C. § 1125(d)(2)(D)(i) directing Verisign, Inc., as the .com registry, and Spaceship, Inc., as the sponsoring registrar, to transfer the registration of the Infringing Domain Name to VDH, and to take all steps necessary to effectuate that transfer, including changing the registrar of record to a registrar designated by VDH;

(c) an order directing Verisign, Inc. to deposit with the Court documents sufficient to establish the Court's control and authority regarding the disposition of the registration and use of the Infringing Domain Name, and, pending final judgment, to place the Infringing Domain Name on registry hold or lock status, to prevent its transfer, modification, or deletion, and to disable or redirect its resolution so that it no longer resolves to the Registrant's websites;

(d) such temporary, preliminary, and permanent injunctive relief as is necessary to prevent further harm to VDH and the public pending and following the transfer of the Infringing Domain Name;

(e) an award of VDH's costs of this action; and

(f) such other and further relief as the Court deems just and proper.

Dated: September 24, 2026

Respectfully submitted,

**VIRGINIA DEPARTMENT OF HEALTH**
By Counsel

Jay Jones
*Attorney General of Virginia*

Gretchen Ellen Nygaard (VSB No. 82475)
*Deputy Attorney General for Civil Litigation*

*/s/ David Ludwig*
David Ludwig (VSB No. 73157)
Hyung Gyu Sun (VSB No. 93070)
Dunlap Bennett & Ludwig PLLC
211 Church Street, SE
Leesburg, Virginia 20175
Telephone: (703) 777-7319
Fax: (703) 777-3656
dludwig@dbllawyers.com
hsun@dbllawyers.com

*Counsel for Plaintiff*
*Virginia Department of Health*

**VERIFICATION**

I, Stephanie Dunkel, am the Chief of Staff and Deputy Commissioner for Population Health and Preparedness of the Virginia Department of Health and am authorized to make this verification on its behalf. I have read the foregoing Verified Complaint. The factual allegations concerning the Virginia Department of Health, its WIC program, its use of the VIRGINIA WIC Mark, and its registration and loss of the virginiawic.com domain name are true and correct based on my personal knowledge and VDH's records. The remaining factual allegations are true and correct to the best of my knowledge, information, and belief, based on the records available to me and the investigation conducted on VDH's behalf.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on **September 23, 2026**, at **Richmond**, Virginia.

Stephanie Dunkel
Chief of Staff and Deputy Commissioner for
Population Health and Preparedness
Virginia Department of Health